UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MARK ZEIGLER,**

    **Plaintiff,**

                                      **CASE NO.:**

**v.**

**JAN KING, INC. d/b/a
BURGER KING,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARK ZEIGLER, by and through undersigned counsel, brings this action against Defendant, JAN KING, INC. d/b/a BURGER KING, and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*, and the Florida Workers' Compensation Act ("FWCA"), Fla. Stat. § 440.205.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.* This Court also has pendent jurisdiction over the state law claims.

3. Venue is proper in this District, because all of the events giving rise to these claims occurred in Hillsborough County, which is in this District.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and worked in Hillsborough County, Florida.

5. Defendant is located in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the ADA, the FCRA, and the FWCA.

7. At all times material hereto, Defendant employed fifteen (15) of more employees. Thus, Defendants are an "employer" within the meaning of the ADA and the FCRA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FWCA, Fla. Stat. § 440.02(16).

9. Plaintiff has satisfied all conditions precedent, or they have been waived.

10. Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

11. Plaintiff requests a jury trial for all issues so triable.

## FACTS

12. Plaintiff was employed by Defendant from on or around December 12, 2022, until on or around January 18, 2025, as a maintenance worker.

13. Plaintiff was a qualified individual with a disability or who was perceived as being disabled.

14. Specifically, on or around October 23, 2024, Plaintiff suffered a workplace injury when he slipped on a large puddle of water that was on the floor, around closing time.

15. Under the FWCA, Plaintiff had a valid claim for benefits for the injury that he had sustained at work.

16. In the alternative, Plaintiff reasonably believed that he had a valid claim under the FWCA.

17. By attempting to pursue his right to file a valid Workers' Compensation claim, Plaintiff engaged in protected activity under the FWCA.

18. Specifically, Plaintiff pursued a claim for Workers' Compensation benefits.

19. Plaintiff sustained serious injuries as a result of the fall, and his supervisor drove him to the hospital for emergency medical care.

20. Plaintiff was diagnosed with a fractured T12 vertebra, a severe spinal injury that required him to take an immediate medical leave of absence, as a reasonable accommodation.

21. Plaintiff remained on medical leave while receiving treatment for his injury, until on or around January 14, 2025, when Plaintiff contacted Defendant's General Manager (GM) to notify her that Plaintiff had been medically cleared to return to work.

22. Plaintiff's doctor prescribed certain restrictions, including wearing a back brace and avoiding lifting any objects over 10 pounds.

23. Plaintiff requested these reasonable accommodations by providing Defendant with medical documentation confirming these restrictions and stating that he was being referred to a specialist for further evaluation.

24. Plaintiff was able to perform the essential functions of the job, with or without a reasonable accommodation.

25. However, Defendant denied these reasonable accommodations, as the GM unequivocally informed Plaintiff that he could not return to work if he had to wear a back brace or had any restrictions.

26. However, Plaintiff could still perform the essential functions of his job, despite these accommodations, but the GM refused to consider his request and effectively barred him from returning to work.

27. On January 18, 2025, the GM told Plaintiff's fiancé (who also worked for Defendant) that Plaintiff was terminated.

28. Plaintiff was not directly informed of his termination by Defendant; rather, he learned of it because the GM chose to communicate through Plaintiff's fiancé.

29. Plaintiff was terminated based on his disability and in retaliation for engaging in protected activity, under the ADA, FCRA, and FWCA.

30. In April 2025, Plaintiff filed a Charge of Discrimination with the EEOC, against Defendant.

31. Roughly four months after Defendant terminated Plaintiff's employment, on or around May 2, 2025, Defendant—aware of Plaintiff's then-

pending EEOC Charge against it—directly contacted Plaintiff to offer him an "opportunity to return to work."

32. In its May 2 letter to Plaintiff, Defendant states that it can "fully accommodate [Plaintiff's] current medical restriction of 'no use of left arm,'" as well as the restrictions of "wear a back brace and avoid bending." *See* May 2 letter, attached hereto as Exhibit A.

33. However, this offer came *four (4) months* after Defendant had terminated Plaintiff's employment, after informing Plaintiff that it could not accommodate these same restrictions that it now admits it can accommodate.

34. This demonstrates the reasonable nature of these accommodations, which clearly would have caused no undue burden on Defendant.

35. Moreover, Defendant entirely failed to engage in an interactive process regarding these accommodations, before terminating Plaintiff's employment in January 2025.

36. Defendant's May 2 "offer" was *not* an "unconditional offer of employment."

37. Specifically, Defendant was vague and not unequivocal in its terms.

38. Additionally, it was unclear whether there would be certain preconditions attached to this offer.

39. Perhaps most notably, this offer was not made in good faith; rather, it was a litigation-driven maneuver, in an attempt to mitigate Defendant's own liability and conceal its unlawful termination of Plaintiff's employment—in other

words, Defendant sought to retroactively and surreptitiously negate its prior unlawful conduct, in an effort to avoid liability.

## **COUNT I – ADA VIOLATION**
## **(DISABILITY DISCRIMINATION)**

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 19 through 33, and 36 through 39 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class under the ADA.

42. Plaintiff was subjected to disparate treatment by Defendants on the basis of his disability, including termination of Plaintiff's employment.

43. Defendants' actions were willful and done with malice.

44. Plaintiff was injured due to Defendants' violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter an injunction restraining continued violation of the ADA;

    d) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

f) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

45. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 19 through 26, and 30 through 39 of this Complaint, as though fully set forth herein.

46. Plaintiff is disabled, or was perceived by Defendant as being disabled.

47. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, which would have allowed him to return to work and perform the essential functions of his job, and shortly thereafter terminated his employment.

48. Defendant's actions were willful and done with malice.

49. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issues and that this Court take jurisdiction over the case;

    c)     An injunction restraining continued violation of law enumerated herein;

    d)     Compensation for lost wages, benefits, and other remuneration;

    e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)     Compensatory damages, including emotional distress, allowable at law;

    g)     Punitive damages;

    h)     Prejudgment interest on all monetary recovery obtained;

    i)     All costs and attorney's fees incurred in prosecuting these claims; and

    j)     For such further relief as this Court deems just and equitable.

## COUNT III – ADA RETALIATION

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 19 through 33, and 36 through 39 of this Complaint, as though fully set forth herein.

51. Plaintiff is a member of a protected class under the ADA.

52. Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations.

53. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

54. Defendant's actions were willful and done with malice.

55. The adverse employment action that Defendants took against Plaintiff was material.

56. Plaintiff was injured due to Defendants' violations of the ADA, for which she is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendants interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
## (DISABILITY DISCRIMINATION)

57. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 19 through 33, and 36 through 39 of this Complaint, as though fully set forth herein.

58. Plaintiff is a member of a protected class under the FCRA, due to his disability.

59. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability, including termination of Plaintiff's employment.

60. Defendant's actions were willful and done with malice.

61. Plaintiff was injured due to Defendants' violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT V—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 9 through 14, 19 through 26, and 30 through 39 of this Complaint, as though fully set forth herein.

63. Plaintiff is disabled, or was perceived by Defendant as being disabled.

64. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, which would have allowed him to return to work and perform the essential functions of his job, and shortly thereafter terminated his employment.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issues and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of law enumerated herein;

    d)    Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA RETALIATION**

67. Plaintiff realleges and readopts the allegations paragraphs 1 through 7, 9 through 14, 19 through 33, and 36 through 39 of this Complaint, as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA, due to his disability.

69. Plaintiff engaged in protected activity under the FCRA by requesting reasonable accommodations.

70. Defendant retaliated against Plaintiff by terminating his employment.

71. Defendant's actions were willful and done with malice.

72. Defendant took material adverse action against Plaintiff.

73. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration;

    d)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    e)    Any other compensatory damages, including emotional distress, allowable at law;

    f)    Punitive damages;

    g)    Prejudgment interest on all monetary recovery obtained.

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

**COUNT VII – WORKERS' COMPENSATION RETALIATION**

74.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 6, 8 through 12, 14 through 22, 27, 29 through 33, and 36 through 39 of this Complaint, as though fully set forth herein.

75.    Plaintiff engaged in protected activity under the FWCA by filing or attempting to file a valid Workers' Compensation claim for an injury that he suffered at work.

76. Defendant retaliated against Plaintiff for engaging in protected activity under the FWCA by terminating Plaintiff's employment.

77. Plaintiff was injured as a result of Defendant's violations of the FWCA, Fla. Stat. § 440.205.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue, and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment stating that Defendants retaliated against Plaintiff, in violation of Fla. Stat. § 440.205;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Compensatory damages, including damages recoverable for emotional distress allowable at law; and

    f) For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 30th day of October, 2025.

                            Respectfully submitted,

                            */s/ Brandon J. Hill*
                            **BRANDON J. HILL**
                            Florida Bar Number: 0037061
                            Direct Dial: 813-337-7992
                            **HANNAH E. DEBELLA**

          Florida Bar Number: 1026002
          **WENZEL FENTON CABASSA, P.A.**
          1110 N. Florida Avenue, Suite 300
          Tampa, Florida 33602
          Main Number: 813-224-0431
          Facsimile: 813-229-8712
          Email: bhill@wfclaw.com
          Email: hdebella@wfclaw.com
          Email: aketelsen@wfclaw.com
          **Attorneys for Plaintiff**